## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. |
| FISHBONE SAFETY SOLUTIONS, LTD., | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Commerce and Industry Insurance Company, by its undersigned attorneys, hereby seeks recovery from Fishbone Safety Solutions, Ltd. for breach of contract, unjust enrichment, and account stated, and states as follows:

## PARTIES

1.      Commerce and Industry Insurance Company ("Commerce and Industry") is an insurance company organized under the laws of the State of New York, with its principal place of business located at 175 Water Street, New York, NY 10038.

2.      Fishbone Safety Solutions, Ltd. ("Fishbone") is a Texas limited partnership with its principal place of business at 208 E. Avenue X, Deer Park, TX 77536 and may be served with process through its registered agent, William S. Cain, 208 E. Avenue X, Deer Park, TX 77356.

## JURISDICTION AND VENUE

3.      Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

4.      The Court is vested with jurisdiction pursuant to 28 U.S.C. § 1332.

1

5.      Based upon its state of incorporation and principal place of business, Commerce and Industry is a citizen of New York.

6.      Under relevant precedent, the citizenship of partnerships is determined by the citizenship of the partners to that partnership.

7.      Fishbone's general partner is a BSC Interest, LLC, which is a Texas limited liability company.

8.      Based upon publicly-available information, the only member of BSC Interest, LLC is William Cain, who is domiciled in Kemah, Texas and therefore a citizen of Texas.

9.      Based upon publicly-available information, all other partners of Fishbone are Texas citizens.

10.     Based upon publicly-available information, no partner, person, or constituent entity of Fishbone is a citizen of New York.

11.     Because Commerce and Industry is a citizen of New York and Fishbone is a citizen of Texas, there is complete diversity.

12.     As set forth below and incorporated herein, the amount in controversy exceeds $75,000, exclusive of costs and interest.

13.     This action properly lies in the Southern District of Texas, under to 28 U.S.C. § 1391(b)(1), because Fishbone resides in this district; Venue is likewise proper here, under 28 U.S.C. § 1391(b)(2), because the events giving rise to this claim (*i.e.*, failure to remit payment for insurance premium) occurred in this district.

## GENERAL ALLEGATIONS

14.     Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

15.     On or about April 9, 2014, Commerce and Industry issued to Fishbone a workers' compensation and employers liability insurance policy, WC 66455812 ("Policy 1") for the policy period of April 7, 2014 to April 7, 2015.[1]

16.     On or about April 1, 2015, Commerce and Industry issued to Fishbone a workers' compensation and employers liability insurance policy, WC 62716047 ("Policy 2") for the policy period of April 7, 2015 to April 7, 2016.[2]

17.     The policy documents issued to Fishbone at the inception of each coverage period—all of which are incorporated herein—are contracts of insurance between Fishbone and Commerce and Industry.

18.     Throughout the coverage periods, Commerce and Industry provided Fishbone with the insurance protection set forth in the Policies.

19.     Under the Policies, Fishbone was required to pay insurance premium as compensation to Commerce and Industry for the insurance coverage provided for the policy periods described above.  The final premium determinations were made at the end of the coverage periods, and at times thereafter, based on audits of Fishbone's operations, books, records, and documents.[3]

20.     At the inception of each policy period, Commerce and Industry calculated an

---

[1] A true and correct copy of Policy 1 is attached hereto and incorporated by reference herein as **Exhibit A**.
[2] A true and correct copy of Policy 2 is attached hereto and incorporated by reference herein as **Exhibit B**.
[3] **Exhibit A** (Policy 1) at Part 5(E); **Exhibit B** (Policy 2) at Part 5(E).

estimated premium pursuant to the terms and conditions of each Policy.[4]

21.     Commerce and Industry calculated the estimated premium based on documents and information provided by Fishbone.

22.     Fishbone received and accepted the insurance coverage of the Policies, which required Fishbone to pay all premium due and owing; Fishbone further accepted the provision that it would be subject to a final audit to review its books and records to determine the final premium due for each policy period.

23.     Commerce and Industry fully performed all conditions required of it in connection with the insurance coverage provided under the Policies.

24.     The audits of Policies 1 and 2 revealed that Fishbone owed, after applicable adjustments, a combined additional premium of $1,114,959.

25.     An invoice was sent to Fishbone in February 2016 for the premium due under Policy 1; invoices were sent to Fishbone in January 2017 and March 2017 for the premium due under Policy 2.

26.     Fishbone has failed to remit payment on the amounts invoiced by Commerce and Industry for Policies 1 and 2.

27.     The following table summarizes the total amount that Fishbone has failed to pay under Policies 1 and 2:

| Policy | Premium Due |
|---|---|
| Policy 1 | $695,819 |
| Policy 2 | $419,140 |
| **Total Premium Due** | **$1,114,959** |

---

[4] **Exhibits A & B**.

4

28.     Prior to filing suit, Commerce and Industry sent a demand letters to Fishbone requesting payment of the amounts due on Policies 1 and 2.[5]

29.     To date, the remaining total balance due from Fishbone on Policies 1 and 2 is $1,114,959, plus any applicable costs, interest, and attorneys' fees.

<u>**COUNT I – BREACH OF CONTRACT**</u>

30.     Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

31.     Commerce and Industry issued Policies 1 and 2 to Fishbone.[6]

32.     The Policies issued by Commerce and Industry to Fishbone created valid, binding, and enforceable contracts for insurance between the parties.

33.     Fishbone contracted for and received the benefits of coverage under the written Policies; in exchange, Fishbone agreed to pay the premium due.

34.     Commerce and Industry determined the final premium owed by Fishbone through an audit of Fishbone's books and records, using the proper exposure and rates that applied to the risk associated with each of Fishbone's covered lines of business.

35.     After the audits, Commerce and Industry invoiced Fishbone for the $1,114,959 due under the two Policies.

36.     Fishbone has failed to remit payment of this additional amount due under Policies 1 and 2.

37.     Fishbone, therefore, presently owes a remaining balance of $1,114,959.

---

[5] True and correct copies of the demand letters are attached hereto and incorporated by reference herein as **Exhibit C**.
[6] **Exhibit A** (Policy 1); **Exhibit B** (Policy 2).

<u>Attorneys' Fees</u>

Commerce and Industry is entitled to recover reasonable and necessary attorneys' fees under Section 38.001 *et seq.* of the Texas Civil Practice and Remedies Code because 1) this is a suit for breach of written contracts; 2) Commerce and Industry is represented by an attorney; and 3) Commerce and Industry presented its claim to Fishbone and Fishbone did not tender any payment within thirty days after Fishbone's claim was presented.

<u>Conditions Precedent</u>

38.     All conditions precedent to Fishbone's claims for relief have been performed or have been waived.

39.     As a result of Fishbone's failure to pay the amount due under Policies 1 and 2, Commerce and Industry has suffered actual damages in the amount of $1,114,959, plus any additional pre-judgment interest and post-judgment interest and costs.

WHEREFORE, Commerce and Industry seeks a judgment against Fishbone in an amount no less than $1,114,959, plus costs incurred, reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest at the legal rate, and such other and further relief as the Court deems proper and just.

## COUNT II – UNJUST ENRICHMENT

40.     Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

41.     In the alternative to any claim for breach of contract, Fishbone is liable to Commerce and Industry under the doctrine of unjust enrichment.

42.     At all relevant times herein, Commerce and Industry conferred benefits on Fishbone by providing Fishbone with workers' compensation and employers liability insurance.

8058923 v2

43.     At all relevant times herein, Fishbone had knowledge of the benefits conferred by Commerce and Industry.

44.     Fishbone voluntarily accepted, received, and retained the benefits provided by Commerce and Industry.

45.     Fishbone was enriched by the benefits conferred by Commerce and Industry.

46.     Fishbone did not pay Commerce and Industry for the full value of the benefits received.

47.     Commerce and Industry asserts that the unpaid value of the insurance coverage that it provided to Fishbone equals $1,114,959.

48.     Despite receipt of this enrichment, Fishbone has refused to make full payment to Commerce and Industry.

49.     Fishbone's enrichment is unjust.

50.     Fishbone's retention of benefits under these circumstances violates fundamental principles of justice, equity, and good conscience; indeed, the circumstances in question render Fishbone's retention of the benefits inequitable unless Fishbone pays Commerce and Industry for the value of the benefit received.

51.     As a result of Fishbone's unjust enrichment, Commerce and Industry is owed $1,114,959, plus any pre-judgment and post-judgment interest and costs.

WHEREFORE, Commerce and Industry seeks a judgment against Fishbone in an amount no less than $1,114,959, plus costs incurred, pre-judgment and post-judgment interest at the legal rate, and such other and further relief as the Court deems proper and just.

## COUNT III – ACCOUNT STATED

52.     Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

53.     Prior to the commencement of this action, Fisbhone became indebted to Commerce and Industry for services rendered in the form of insurance coverage under Policies 1 and 2.

54.     As a result of the balance incurred under Policies 1 and 2, which Fishbone promised to pay, Commerce and Industry prepared Statements of Account which reflected balances incurred and any credits or offsets applied to each account.[7]

55.     After transmitting invoices generated on the amounts reflected in the Statements of Account, Commerce and Industry made demands on Fishbone for the amount of $1,114,959; Fishbone has paid nothing towards this amount.

56.     All lawful offsets, payments, and credits have been applied by Commerce and Industry.

57.     Commerce and Industry has performed all conditions required of it.

### Attorneys' Fees

58.     Commerce and Industry is entitled to recover reasonable and necessary attorneys' fees under Section 38.001 *et seq.* of the Texas Civil Practice and Remedies Code because 1) this is a suit for rendered services; 2) Commerce and Industry is represented by an attorney; and 3) Commerce and Industry presented its claim to Fishbone and Fishbone did not tender any payment within thirty days after Fishbone's claim was presented.

---

[7] A copy of invoices reflecting the Statement of Accounts is attached hereto as **Exhibit D**.

WHEREFORE, Commerce and Industry seeks a judgment against Fishbone in an amount no less than $1,114,959, plus costs incurred, reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest at the legal rate, and such other and further relief as the Court deems proper and just.

This 17th day of April, 2017.          Respectfully submitted,

By:   */s/ Tiffany F. Lim*
       TIFFANY F. LIM
       State Bar No. 24093894
       S.D. Tex. No. 2525420
       Email:  tlim@shb.com
       SHOOK, HARDY & BACON L.L.P.
       JPMorgan Chase Tower
       600 Travis, Suite 3400
       Houston, TX  77002-2926
       Telephone:  713.227.8008
       Facsimile:  713.227.9508

9